STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PEARL BARTON, WIDOW OF
CLARENCE BARTON,
Claimant Below, Petitioner**

**vs.)    No. 12-0353** (BOR Appeal No. 2046288)
                   (Claim No. 770012141)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**SOUTHERN APPALACHIAN COAL COMPANY, AND
CEDAR COAL COMPANY,
Employers Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Pearl Barton, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed an August 4, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 29, 2009, decision denying Ms. Barton's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barton worked as a coal miner for over twenty years. He received a permanent partial disability award for occupational pneumoconiosis during his life. He passed away on October 11, 2008, and Ms. Barton requested dependent's benefits. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not materially contribute to Mr. Barton's death on February 19, 2009. The claims administrator denied the request for dependent's benefits on April 29, 2009.

The Office of Judges affirmed the claims administrator's decision, and held that the preponderance of the evidence supported the Occupational Pneumoconiosis Board's finding that occupational pneumoconiosis did not materially contribute to Mr. Barton's death. On appeal, Ms. Barton disagrees and asserts that Drs. Gaziano and Rasmussen found that occupational pneumoconiosis played a material contributing part in Mr. Barton's death, and Dr. Kinder testified that this would be a case that physicians could disagree as to the role of occupational pneumoconiosis. The West Virginia Office of Insurance Commissioner maintains that Mr. Barton's significant smoking history and other health problems caused his death, not occupational pneumoconiosis. Dr. Gaziano found on November 16, 2009, that chronic obstructive pulmonary disease caused Mr. Barton's death which was to a great extent due to occupational pneumoconiosis. Dr. Rasmussen agreed with Dr. Gaziano and found that Mr. Barton's occupational pneumoconiosis was a material contributing cause to his disabling and ultimately fatal chronic lung disease. On June 7, 2010, Dr. Fino found that Mr. Barton's chronic obstructive pulmonary disease was due to his significant smoking history of up to eighty pack/years, which was almost four times the amount of pack/years of smoking than number of years working in the mines. Dr. Kinder, of the Occupational Pneumoconiosis Board testified on July 6, 2010, that the hospitalization was due to Mr. Barton's chronic obstructive pulmonary disease relating to his seventy pack/years smoking history.

In affirming the claims administrator's decision, the Office of Judges noted Mr. Barton's seventy pack/year smoking history and significant non-occupational related diseases such as atrial fibrillation, coronary disease, and renal insufficiency which can cause shortness of breath and pulmonary dysfunction. It further noted that there were no x-ray findings or pathology materials available, and Dr. Kinder found without that evidence he could not recommend that occupational pneumoconiosis played a material contributing factor in Mr. Barton's death. The preponderance of the evidence does not establish that the Occupational Pneumoconiosis Board's findings were clearly wrong. The Board of Review reached the same reasoned conclusions in its decision of February 16, 2009. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 1, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, disqualified